## BILL GREEN v. STATE.

No. A-4640. Opinion Filed Dec. 1, 1924.
Rehearing Denied May 2, 1925.
(234 Pac. 1111.)

(Syllabus.)

**Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Possession.** In a prosecution for possession of intoxicating liquor with the unlawful intent to sell the same, evidence held to sustain a conviction.

Appeal from County Court, Stephens County; Eugene Rice, Judge.

Bill Green was convicted of the unlawful possession, with intent to unlawfully sell, of whisky, and he appeals. Affirmed.

Wilkinson & Saye, for plaintiff in error.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Bill Green, was convicted on a charge that he did have in his possession four gallons of whisky with the unlawful intent to sell the same, the jury leaving his punishment to the court. On February 12, 1923, the court rendered judgment and sentenced the defendant to be confined in the county jail for 60 days, and to pay a fine of $250. From the judgment an appeal was taken, by filing in this court, on April 11, 1923, a petition in error wih case-made. The errors assigned question the sufficiency of the evidence.

The evidence shows that three officers, in executing a

search warrant, went to the home of Bill Green, five miles from the town of Duncan; that, after watching the place for some little time and seeing three cars leave the place, one of the officers stopped the last car leaving, and the other two approached the house; that Officer Ray went to the front door, and Officer Willis went to the back door, but could not get in, so he went to the window and saw the defendant going through the other room with two half-gallon fruit jars and a three-gallon jug; that the defendant emptied the fruit jars into the sink and started emptying the jug.

Officer Ray testified that when he knocked on the door the defendant came to the door, and, upon seeing him, shut the door in his face; that, upon hearing Officer Willis holler, he went around the house to the window where he could see the defendant pouring something out of a jug; that they forced the latch off the screen, and when they got in the defendant was still pouring the whisky out of the jug; that it was corn whisky; that the fruit jars still contained a little corn whisky, and the jug still contained nearly a gallon of corn whisky. At the close of the state's evidence, the defendant moved for an acquittal in the form of a demurrer to the evidence, which was overruled, and exceptions allowed.

As a witness in his own behalf, the defendant testified that just before the officers came a man called "Shorty," who lives about Marlow, came to his house in a car and delivered to him a gallon of whisky; that he had bought it from him at Marlow that afternoon, paying him $10 for it; that he poured all the whisky into two half-gallon fruit jars to measure it, and then poured it back into the jug; that about that time he heard some one knock at the front door; that he went to the door and it was Carl Ray, and Ray said, "Uncle Bill, I have got a search warrant to search your house," and witness said, "All right," and walked back and picked up the jug and poured the whisky into the sink;

that the officers ran in after he had poured it out and turned the water on, and he said to them, "You didn't get me did you?" that he did not think there was any whisky in the jug when they took it away. The defendant further testified that he did not intend to sell any of this whisky; that he got it for his own use.

Counsel argue that the evidence is insufficient to show unlawful intent, in that there is no evidence to show that the defendant intended to sell the whisky, and the only basis for the verdict would be that he had more than one gallon. Therefore a prima facie case to violate the law was not made. We deem it sufficient to say that the evidence for the state tended to show that he had three or four gallons, and the court properly instructed the jury on this issue.

Error is assigned because the court permitted counsel for the state to make an alleged improper statement in his closing argument, which statement is as follows:

"It has always been my experience, gentlemen of the jury, and that has been very little, but, whenever an officer arms himself with a search warrant to search some man's place of business or some man's home, he has some lead or other, or he has some reason to believe, before he makes an affidavit before a justice of the peace, that he is going to find liquor, or he never would get the search warrant."

This statement was objected to by the defendant's counsel, and at the same time they asked the jury to be instructed not to consider it.

Counsel contend that the statement constituted prejudicial error, because the only evidence of a search warrant was that the witness Willis stated they had a search warrant. The record contains the arguments of counsel. It seems the statement was in answer to the argument made, based on the defendant's testimony that he only had one gallon of whisky; that he had measured it by pouring it

out of the jug into the half-gallon fruit jars to see whether or not he had received full measure.

Obviously the jury did not believe the defendant's story.     Upon the facts in evidence and in answer to the argument of counsel for the defendant, we do not think the statement exceeded the limits of fair discussion, and it does not appear that the statement could have prejudiced the defendant's case.

Where the evidence is conflicting, the credibility of the witnesses and the weight to be given their testimony is a matter for the jury to determine.

Finding no error in the record which, in our opinion, demands or would justify this court in setting aside this conviction, the judgment of the lower court is affirmed.

MATSON, P. J., and BESSEY, J., concur.